# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Don A. Rickenbaker, Sr., <br><br> Plaintiff, <br><br> vs. <br><br> Calhoun County, <br><br> Defendant. | Case No:   5:24-cv-02739-MGL <br><br> **COMPLAINT** <br> **(Jury Trial Demanded)** |

Plaintiff Don A. Rickenbaker, Sr., by and through his undersigned counsel, and complaining of Defendant Calhoun County, would show unto this Honorable Court the following:

### JURISDICTION, VENUE, AND PARTIES

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, as this action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et al.,* as amended, (hereinafter "FLSA") and, therefore, presents a federal question.

2. The Court has pendant jurisdiction over the related state law claims under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10, pursuant to 28 U.S.C. § 1367, which are closely related to the federal claims.

3. Venue lies within this District pursuant to 28 U.S.C. § 1391, as it is where a substantial part of the events or omissions giving rise to the claims alleged herein occurred and is where Defendant is located.

4. Plaintiff is a former employee of Calhoun County and a citizen and resident of Calhoun County, South Carolina.

5. Defendant Calhoun County is a county organized under the laws of the State of South Carolina.

## FACTS

6. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

7. Defendant previously employed Plaintiff as a magistrate from 1987 until his retirement on May 1, 2021, and a short time thereafter.

8. At all times relevant hereto, Defendant was an "employer" within the meaning of the FLSA and South Carolina Payment of Wages Act such that Plaintiff was an "employee" entitled to the statutory protections of these statutes.

9. During the course of his employment, and at all times within the three years prior to his retirement, he was an hourly employee.

10. Plaintiff had assigned "weekly hours" in addition to required weekend duty, during which time he was on call and extremely limited in his activities due to the time-sensitive nature of his duties.

11. Plaintiff was not compensated for the weekend hours and complained about the pay.

12. The County Administrator informed Plaintiff that he would receive compensatory time for the hours since the County did not want to pay him outright for the time.

13. Some weeks, the weekend hours caused Plaintiff to work in excess of 40 hours.

14. He did not receive straight time for the weekend duty hours, regardless of whether the hours exceeded 40, much less time-and-a-half or compensatory time.

15. At the time, the County Administrator was aware that it was not possible for Plaintiff to take compensatory time as accrued due to the work obligations of the magistrates and absence of substitute coverage.

16. This issue continued until Plaintiff left the employ of the County.

17. When Plaintiff retired, he was not paid out for the compensatory time he had earned from working on the weekends or otherwise compensated beyond his weekly hours.

18. At all times during his employment, Defendant failed to keep proper records concerning his hours worked, compensatory time accrued, and compensation paid.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Fair Labor Standards Act)**

19. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

20. Plaintiff seeks to recover compensation at the rate of one-and-one-half times his regular hourly rate of pay for all hours worked in excess of 40 hours.

21. Defendant violated the FLSA by failing to keep required records, failing to compensate him at the rate of time-and-a-half for hours in excess of 40 for the weeks when the overtime work occurred, and failing to compensate him for his accrued-but-unused compensatory time at the time of his separation from Defendant's employ.

22. Plaintiff seeks to recover these unpaid wages, along with liquidated damages in the same amount.

23. Defendant's violations of the Act were willful, as Defendant knew that its conduct was prohibited by the Act or showed reckless disregard for the requirements of the Act, taking into account all of the facts and circumstances surrounding the violations of the Act.

24. Additionally, Plaintiff demands all recoverable costs, expenses, and attorneys' fees incurred in pursuing this action, injunctive relief, and such other and further relief as deemed proper by this Court.

## AS AND FOR A SECOND CAUSE OF ACTION OR CAUSE OF ACTION IN THE ALTERNATIVE
### (South Carolina Payment of Wages Act)

25. Plaintiff repeats and realleges the allegations above as if set forth fully verbatim herein.

26. At all times relevant hereto, Plaintiff was an employee entitled to "wages" from Defendant and entitled to the protections of the South Carolina Payment of Wages Act.

27. At all times relevant hereto, Plaintiff was employed by Defendant, a covered "employer" under the Act.

28. Defendant violated the Act by failing to pay Plaintiff "all wages due" in accordance with the Act.

29. Plaintiff is entitled to and seeks from Defendant his hourly compensation for all hours worked.

30. He further seeks compensation for his unused but accrued "compensatory time."

31. Additionally, Plaintiff seeks three times the amount of the unpaid wages as permitted by the Act.

32. Additionally, Plaintiff demands all recoverable costs, expenses, and attorneys' fees incurred in pursuing this action, injunctive relief to require Defendant to timely and appropriately accommodate Plaintiff, and such other and further relief as deemed proper by this Court.

WHEREFORE, Plaintiff prays for the relief requested herein, for judgment against Defendant, and for such other and further relief as deemed proper by this Court.

*Signature Block on Following Page*

                                **SARVIS LAW, LLC**

                                **By:  /s/ Bryn C. Sarvis**
                                      Bryn C. Sarvis (10478)
                                      3424 Augusta Highway
                                      Gilbert, SC 29054
                                      bsarvis@sarvislaw.com
                                      (803) 892-5525

                              *Attorney for Plaintiff*

May 1, 2024